IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SALLY A. WARD                                                                              PLAINTIFF

vs.                                            Civil No. 3:25-cv-03083

FRANK BISIGNANO,                                                                        DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Sally A. Ward ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1.    Background

Plaintiff filed her disability application on December 8, 2021. (Tr. 13).[1] In her application, Plaintiff alleges being disabled due to fibromyalgia, arthritis, Lyme disease, back and neck problems, sacroiliac pain, COPD, and carpal tunnel syndrome. (Tr. 220). Plaintiff alleged an onset date of May 16, 2021. (Tr. 13). Plaintiff's application was denied initially and again upon reconsideration. *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 104-164). The ALJ held a hearing on August 27, 2024. (Tr. 33-65). At this hearing, Plaintiff was present and represented by Frederick Spencer. *Id.* Plaintiff, her mother Rose Marie Ward, and Vocational Expert ("VE"), Beth Drury testified at the hearing. *Id*.

Following the administrative hearing, on October 31, 2024, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 13-27). The ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2026. (Tr. 15, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 16, 2021. (Tr. 16, Finding 2).

The ALJ then determined Plaintiff had the severe impairment of fibromyalgia, degenerative disc disease of the thoracic and lumbar spine with mild spurring, and mild degenerative disc disease of the cervical spine with mild straightening of lordosis. (Tr. 16, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18, Finding 4).

In her decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 19, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC to perform light work except limitations of no ladders, ropes, scaffolds, occasional ramps, stairs, stoop, kneel, crouch and crawl; no motor vehicles; no concentrated exposure to dust, fumes or other pulmonary irritants, no extreme heat or humidity; and occasional bilateral overhead reaching. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 25, Finding 6). The ALJ determined Plaintiff was not capable of performing her PRW. *Id.* However, the ALJ found

2

there were jobs in significant numbers in the national economy that Plaintiff could perform.  (Tr. 26, Finding 10).  With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) marker with approximately 167,105 jobs in the nation, (2) collator operator with approximately 30,800 jobs in the nation, and (3) routing clerk with approximately 122,295 jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act from May 16, 2021, through the date of the decision.  (Tr. 27, Finding 11).

On November 18, 2025, Plaintiff appealed her administrative case to this Court.  ECF No. 2.  The parties have consented to the jurisdiction of this Court.  ECF No. 7.  Both parties have filed their appeal briefs, and this matter is now ripe for consideration.  ECF Nos. 13, 14.

**2.      Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

4

3.    **Discussion**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record.  ECF No. 13.  In making this claim, Plaintiff argues the ALJ erred (1) in the RFC determination, (2) in failing to give proper weight to the treating physician reports, (3) in failing to properly evaluate Plaintiff's subjective complaints, (4) in failing to give proper weight to lay testimony, and (5) in the Step 5 evaluation.  *Id.*  In response, Defendant argues the ALJ did not err in any of her findings.  ECF No. 14.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily

affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.** **Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **5th day of June 2026.**

/s/ *Spencer G. Singleton*
HONORABLE. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE